**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **LARRY JACKSON, Individually and on behalf of all others similarly situated,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No. 3:12-cv-2700** |
| **JONES LANG LASALLE AMERICAS, INC.** | § § § | |
| **Defendants.** | § § § | **Jury Demanded** |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Larry Jackson, individually and on behalf of all others similarly situated ("Plaintiff" and "Class Members" herein) brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant and shows as follows:

### I.     NATURE OF SUIT

1.     The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers.  To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2.     Defendant failed to pay Plaintiff in accordance with the Fair Labor Standards Act. Specifically, Plaintiff was misclassified as an exempt employee, and as a result, Defendant failed to pay Plaintiff at time and one half his regular rate of pay for hours worked in excess of 40.  In

addition, once Defendant re-classified Plaintiff as a non-exempt employee, the company has failed to pay Plaintiff for all his overtime hours.

## II.     PARTIES

3.      Plaintiff Larry Jackson is an individual who was employed by Defendant within the meaning of the FLSA within the three year period preceding the filing of this complaint.  His written consent is attached as Exhibit A.

4.      The "Class Members" are other Chief Engineers who were reclassified from salaried to hourly paid employees, within the actionable time period.

5.      Defendant Jones Lang LaSalle Americas, Inc. (Hereinafter "JLL" or "Defendant") is an Illinois corporation authorized to do business in the state of Texas.  JLL may be served with process through their registered agent, CSC – Lawyers Incorporating Service Company, 211 E. 7th St., Suite 320, Austin, Texas 787-1-3218.

## III.     JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

7.      Defendant JLL carries on substantial business in the Northern District of Texas and has sufficient minimum contacts with this sate to be subject to this Court's jurisdiction.

8.      Venue is proper in the Northern District of Texas because the events forming the basis of the suit occurred in this District.

## IV.     COVERAGE

9.      At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

10.     At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11.     At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12.     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13.     At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.     FACTUAL ALLEGATIONS

14.     JLL is a multi-million dollar corporation that provides commercial real estate services to various business entities across the country.  Among other things, Defendant provides property management services for commercial buildings.

15.     Plaintiff has been employed by Defendant as a Chief Engineer since October 2010.  He is currently employed by the Defendant.

16.     Plaintiff's job duties consist of addressing the maintenance needs that arise with the building(s) in which he works.  Specifically, Plaintiff responds to any work orders which are

placed by tenants of the building for a variety of problems including issues with any equipment in the buildings.  Plaintiff's primary job duties consist of manual labor tasks in the form of repair, maintenance and other non-office, manual labor work.  Plaintiff is also responsible for various other non-discretionary tasks.  These other non-discretionary tasks Plaintiff performs are routine and do not require the exercise of independent judgment or discretion.  Any major decisions concerning Plaintiff's duties and responsibilities were addressed by upper management.

17.     Plaintiff works with two to three individuals, but he does not have supervisory control over these employees.  Further, Plaintiff does not have the authority to hire or fire these individuals on his own, nor does he have the authority to discipline these individuals on his own.

18.     Prior to January 1, 2012, Plaintiff was paid a salary for his work, and was not paid time and one-half his regular rate of pay for hours worked in excess of 40 hours in a work week. However, at the beginning of 2012, Defendant re-classified Plaintiff to be a non-exempt, hourly paid employee.  When Defendant reclassified Plaintiff as a nonexempt employee, it did not offer to pay Plaintiff his back overtime wages.

19.     Since Plaintiff has been re-classified, there have been multiple instances where he has not been paid for all of his overtime hours. Plaintiff's manager has either doctored his time card to show that Plaintiff only worked 40 hours or outright refused to pay Plaintiff for his overtime hours.  As a result, Plaintiff has not been paid at the rates required by law for hours worked in excess of 40 in a work week.

20.     Plaintiff was and is entitled to certain non-discretionary bonuses.  These bonuses should have been included in calculating Plaintiff's regular rate of pay to determine proper overtime

rates, but were not.   Defendant violated the FLSA by not including Plaintiff's bonuses in calculating his overtime rate.

21.     Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff.   Plaintiff complained to upper management on multiple occasions about not receiving overtime payments. He never received a response to his complaints and was paid in the same manner in the face of these complaints.

## VI: COLLECTIVE ACTION ALLEGATIONS

22.     Other employees have been victimized by this pattern, practice, and policy which is in willful violation of the FLSA.   Many of these employees have worked with Plaintiffs and have reported that they were paid in the same manner as Plaintiffs with no overtime pay for hours worked in excess of 40 per workweek.   Thus, from discussion with these employees, Plaintiff is aware that the illegal practices or policies of JLL have been uniformly imposed on the Class Members.

23.     The Class Members performed the same or similar job duties in that they all perform basic maintenance for the buildings in which they work and do not supervise other employees. Moreover, these employees regularly worked more than 40 hours in a workweek.   Furthermore, these employees were re-classified from exempt to non-exempt in the same manner Plaintiff was. Accordingly, the employees victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiffs in terms of job duties and pay provisions.

24.     Defendant's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal

circumstances of the Class Members.  Thus, Plaintiff's experience is typical of the experience of the Class Members.

25.     The specific job titles or precise job requirements of the various Class Members do not prevent collective treatment.  All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in excess of 40 hours per week.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The questions of law and fact are common to Plaintiffs and the Class Members. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> All Chief Engineers who were reclassified from exempt, salaried employees to non-exempt hourly paid employees.

26.     As a collective action, Plaintiff seeks this Court's appointment and\or designation as representatives of a group of similarly situated individuals as defined herein.


## VII.    CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

27.     During the relevant period, Defendant has violated and is violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.  Defendant has acted willfully in failing to pay Plaintiff in accordance with the law.

## VIII.   RELIEF SOUGHT

27.      WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that he and all those who consent to be opt-in plaintiffs in this collective action recover from Defendant, the following:

A.      Compensation for all hours worked at a rate not less than the applicable minimum wage;

B.      Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

C.      All unpaid wages and overtime compensation;

D.      An equal amount as liquidated damages as allowed under the FLSA;

E.      Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

F.      Pre-judgment and post-judgment interest at the highest rates allowed by law; and

Such other relief as to which Plaintiffs and the opt-in Plaintiffs may be entitled.

Respectfully submitted,

__/s/ Derek Braziel_____
**J. DEREK BRAZIEL**
Texas Bar No. 00793380
**MEREDITH MATHEWS**
Texas Bar No. 24055180
**LEE & BRAZIEL, L.L.P.**
1801 N. Lamar St. Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelawyer.com

**JILL J. WEINBERG**
Texas Bar No. 2108440
**WEINBERG LAW FIRM**
6425 Willow Creek Drive
Plano, Texas 75093
Telephone: (972) 403-3330
Facsimile: (972) 398-8846

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2012, a copy of the foregoing document was electronically filed. A copy of this lawsuit will be served on Defendant in accordance with the Federal Rules of Civil Procedure

_/s/ J. Derek Braziel_____
J. Derek Braziel