IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LARRY JACKSON, Individually and on behalf of all others similarly situated,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | Civil Action No. 3:12-cv-2700 |
| **JONES LANG LASALLE AMERICAS, INC.** | § § § § | |
| **Defendant.** | § § § | Jury Demanded |

**JOINT MOTION TO DISMISS
WITH PREJUDICE AND FOR APPROVAL OF SETTLEMENT**

The Parties file this Joint Motion to Dismiss With Prejudice and for Approval of Settlement of this collective action brought under the Fair Labor Standards Act ("FLSA"). As grounds, the Parties state as follows:

**I.    Background.**

Plaintiff Larry Jackson ("Jackson") filed this putative class action on August 8, 2012 in the United States District Court for the Northern District of Texas. In the Complaint, Jackson alleges that Defendant Jones Lang LaSalle Americas, Inc. ("JLL") failed to pay Plaintiff overtime compensation in violation of the FLSA. Specifically, the Complaint alleges (1) that JLL misclassified Jackson as exempt from the FLSA's overtime requirements until January 1, 2012; (2) that once JLL reclassified Jackson as a nonexempt employee, it failed to pay him for all of his overtime hours; and (3) that JLL improperly excluded nondiscretionary bonuses from the calculation of the regular rate of pay used to determine Jackson's overtime payments. Jackson sued on behalf of himself and all other Chief Engineers who were reclassified from salaried to hourly paid employees at that time. JLL denies that Jackson and members of the

putative class were not paid in accordance with the FLSA and claims Jackson and putative class members were properly compensated for all the hours they worked.

After participation in discovery, Jackson and JLL mediated this dispute before an experienced mediator, Chris Nolland, on January 21, 2013. At the mediation, the Parties reached agreement on the core terms of the settlement, which covers 49 current and former employees (including Jackson) who worked for JLL as Chief Engineers between August 2009 and the present, who were reclassified as nonexempt, hourly paid employees in the first quarter of 2012, and whose total annual compensation was less than $100,000 prior to the reclassification ("Potential Class Members"). The Confidential Global Settlement Agreement, which the Court has permitted the parties to file under seal (*see* Dkt. No. 30), has now been executed by the Parties and is filed for Court review and approval (the "Agreement").

## II.     The Agreement is a Fair and Reasonable Compromise of a Bona Fide Dispute.

Courts strongly favor settlement of lawsuits over continued litigation. *Williams v. First Nat'l Bank*, 216 U.S. 582, 595 (1910). If the settlement reflects a reasonable compromise over issues, such as coverage or computation of back wages that are actually in dispute, the court may approve the settlement in order to promote the policy of encouraging settlement of litigation. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

The Agreement in this case is fair and reasonable, and reflects a compromise over disputed issues of coverage and damages. The Parties reached agreement on its terms pursuant to arms-length negotiations occurring for several weeks and following a mediation. The Parties conducted extensive and costly discovery, investigation, and research into these issues, and counsel for the Parties are able to reasonably evaluate their respective positions.

Specifically, Jackson was seeking three years of back pay plus an additional amount for liquidated damages, and attorneys' fees and costs on his behalf and on behalf of those similarly situated. Jackson claimed that he and other Chief Engineers reclassified during the first quarter of 2012 primarily perform non-exempt work and were misclassified as exempt from the overtime provisions of the FLSA during the relevant period. JLL claimed that Jackson and other Chief Engineers reclassified during the first quarter of 2012 primarily perform exempt administrative and/or managerial work and that they were properly classified as exempt from the overtime requirements of the FLSA during the relevant period. JLL further claimed that Plaintiff and other Chief Engineers were properly paid for all hours they worked during the relevant time period.

Thus, there existed a bona fide dispute about whether the Chief Engineers were properly classified as exempt and were properly compensated under the FLSA. After lengthy negotiations, the Parties ultimately reached an Agreement. This Agreement, as a whole, represents a fair and reasonable compromise over a dispute regarding wages.

Accordingly, the parties respectfully request that the Court dismiss the case with prejudice and approve the Agreement as a fair, reasonable, and adequate settlement of a bona fide dispute.

Dated: April 25, 2013.

Respectfully Submitted,

| | |
|---|---|
| /s/ J. Derek Braziel | /s/ Brian Jorgensen |
| J. Derek Braziel | Brian Jorgensen |
| State Bar No. 00793380 | Texas State Bar No. 24012930 |
| Meredith Mathews | Natalia Oehninger |
| State Bar No. 24055180 | Texas State Bar No. 24074831 |
| **LEE & BRAZIEL, LLP** | **JONES DAY** |
| 1801 N. Lamar St. Ste. 325 | 2727 North Harwood Street |
| Dallas, Texas 75202 | Dallas, TX  75201-1515 |
| Telephone: (214) 749-1400 | Telephone:  (214) 220-3939 |
| Facsimile: (214) 749-1010 | Facsimile:   (214) 969-5100 |
| **ATTORNEYS FOR PLAINTIFFS** | **ATTORNEYS FOR DEFENDANT JONES LANG LASALLE AMERICAS, INC.** |

### CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2013, a copy of the foregoing document was filed with the court.  Notice of this filing will be sent to counsel of record for all parties in accordance with the Federal Rules of Civil Procedure.

/s/ *J. Derek Braziel*
**J. DEREK BRAZIEL**